IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOSEPH ALAN HALL, | ) | Civil No. 08-113-JE |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| v. | ) | |
| | ) | |
| CITY OF BEAVERTON; BEAVERTON | ) | |
| POLICE DEPARTMENT; and RICH | ) | |
| RAYNIAK, individually; JAMIE BEANE; | ) | |
| individually; JAMES HUMPHREY, | ) | |
| individually; MATT WEAVING, | ) | |
| individually; and MARK CLARK, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

    David McCaffery
    Garland Burton McCaffery PC
    254 North First Avenue
    Hillsboro, OR 97124
        Attorney for Plaintiff

    Bruce L. Mowery
    280 Liberty Street, SE, Suite 206
    Salem, OR 97301
        Attorney for Defendants

FINDINGS AND RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Plaintiff Joseph Hall brings this action asserting claims under 42 U.S.C. § 1983 and the Oregon Tort Claims Act against defendants City of Beaverton (Beaverton), Beaverton Police Department, and Beaverton police officers Rich Rayniak, Jamie Beane, James Humphrey, Matt Weaving, and Mark Clark. Defendants move to dismiss plaintiff's state law claims as untimely. The motion should be granted.

## BACKGROUND

Plaintiff alleges that the individual defendants unlawfully entered his home in Beaverton, Oregon, on January 26, 2006, handcuffed, hobbled, unlawfully arrested him, and tasered him multiple times. He further alleged that defendant Humphrey cited him on charges of Resisting an Officer and Disorderly Conduct on January 27, 2006, and that these charges were dismissed on or about May 30, 2006, after plaintiff's defense counsel prevailed on a motion to suppress. Plaintiff alleges that, within 180 days of the dismissal of the charges against him, he "sent a tort claims notice to Defendants City of Beaverton, pursuant to ORS 30.275."

On January 25, 2008, plaintiff filed this action, asserting three claims pursuant to federal law, and claims of false imprisonment and battery pursuant to Oregon common law. Some of the defendants were served on May 16, 2008, and the remaining defendants were served on May 19, 2008.

Defendants have not answered the complaint, but instead have filed a motion to dismiss plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that these claims are untimely.

FINDINGS AND RECOMMENDATION - 2

## STANDARDS FOR EVALUATING MOTIONS TO DISMISS FOR
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept the allegations of material fact as true, and must construe those allegations in the light most favorable to the non-moving party. Parks Sch. of Bus. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted. Jacobsen v. Hughes Aircraft Co., 105 F.3d 1288, 1292 (1997) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

Defendants contend that plaintiff cannot recover on his state law claims because they were not brought within the time allowed under the applicable two-year statute of limitations.

I agree. Under Oregon law, if a complaint is served within 60 days of the filing of the complaint, an action is deemed to commence on the date of filing. O.R.S. § 12.020(2). However, where, as here, an action is not served within 60 days of the filing of the complaint, the action is deemed to commence on the date of service. O.R.S. § 12.020(1).

As to claims brought pursuant to state law, the filing of an action in federal court does not commence the action for the purposes of statutes of limitations. Walker v. Armco Steel Corp., 446 U.S. 740, 753 (1980). Instead, state rules concerning statutes of limitations and related requirements for service of process determine whether state law claims asserted in federal court are timely. See id. (requirement of service within statutory period is "integral part" of state statute of limitation); Pollock v. City of Astoria, 2007 WL 54804 at * (D. Or. Jan. 4, 2007) (O.R.S. § 12.020(2) applies to state law claims brought in federal court

FINDINGS AND RECOMMENDATION - 3

pursuant to supplemental jurisdiction); Lyons v. H & R Transport, Inc., 231 F. Supp. 2d 1009, 1011-1012 (D. Or. 2001) (state law determines whether state law claims timely filed in federal court); Pelster v. Walker, 185 F. Supp. 2d 1174, 1180 (D. Or. 2001)).

Here, plaintiff filed his complaint on January 25, 2008 – one day before the expiration of the two-year statute of limitations that applies to his state law claims. Because none of the defendants were served within 60 days of filing, plaintiff's state law claims are not deemed to have been brought until May 16, 2008, when the first defendants were served. These state law claims are untimely, and defendants' motion for their dismissal should be granted.

Plaintiff contends that his state law claims should not be dismissed because defendants' attorney filed a notice of his appearance on February 13, 2008, a date well within 60 days of the filing of the action. He argues that, "[a]lthough the notice's filing clearly does not equate with the statutorily specified forms of service set forth in ORCP 7," filing of the notice should satisfy the requirements for commencing an action for purposes of the statute of limitations because it demonstrates that defendants had notice of the claims.

This argument fails. The notice of appearance filed by defendants' counsel, which stated that "[a]ll future pleadings or papers, exclusive of original process, are to be served upon" defense counsel, cannot be construed as a waiver of the requirements of the statute of limitations. Under ORCP 7G, courts may excuse compliance with service rules concerning the "form" of summons, "issuance" of summons, and who may serve summons, if the court concludes that a defendant has received actual notice that an action has been filed. This Rule, which allows the court to disregard errors in service of process, does not apply where,

FINDINGS AND RECOMMENDATION - 4

as here the issue is not the sufficiency of service, but whether it was effected within the time permitted under the relevant statute of limitations.

## CONCLUSION

Defendants' motion to dismiss plaintiff's state law claims (#15) should be GRANTED.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review.  Objections, if any, are due September 2, 2008.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection.  If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 18th day of August, 2008.

/s/  John Jelderks
John Jelderks
U.S. Magistrate Judge